Cu/ria, per

Richardson, J.
There appears to be no doubt that the practice in England is to enter up judgment without delay, upon a cognovit actionem, or confession of debt or damages. “ If it be of the whole,” <fec., says Tidd, 1 vol. 560, “ the plaintiff’s attorney may immediately sign final judgment, and take out execution thereon.”
Tomlins, title “ Judgment,” lays down the same rule, 2 vol. 294, adding, “ thus a debtor may give one creditor a preference to another, who has obtained judgment after a long litigation.” See, also, note to 3 Black, p. 396, and Crompton, 316, referring to 3 T. R. 235, for the authority for entering up the judgment on the day of-'the confession.
*306 In the State of South Carolina, as far as we can discover, our own general practice has been the same, at least in vacation. In term time it has been various, since the adoption of the 11th rule of Court in 1800, that judgments shall not be entered up before the last day of the term, or rising of the court. But that rule was adopted, evidently, to prevent indecent haste, and preference of one recovery over others, when all were obtained at the same court, and were entitled to the same lawful liens.
For such objects, the whole term is as one ^day or moment, in reference to successive adjudications, orders, and the like. 1 Sellon’s P. p. 3. But ought such a rule to interfere with the personal right of a debtor to prefer one creditor to another! Such a preference could scarcely be prevented by any rules; for the debtor would only have to confess judgment in some other district, where it is not term time, or before some other court; or else make an assignment or mortgage, which could not be prevented by rules of court. Confessions of judgment constitute but another way of giving such preference, and may be just as right and proper as those.
I apprehend the legal principle to be this; that courts of justice are always open for the commencement of suits at law, and for maturing them. Peace, order and justice, require such a principle; and where the suit or action is confessed by the defendant, the same principle applies; and there then being no contestation, no question for a judge to pass upon, the law awards the judgment and execution instantly, as a necessary consequence of the suit, and confession of indebtedness, for so much money to the plaintiff. ’ So, also, the 11th rule of court is not to enable the Judge to decide whether judgments shall be entered' up on the verdicts and decrees of the term. Such judgments follow of right. The end of the ruléis to equalize the liens.
If such reasoning be just, it is of no moment whether the confession of judgment be in vacation or term time, or entered on the docket of cases for trial, or be made before the Clerk, under the formula laid down by the Act of 1839. That Act introduces or re-enacts from the Act of 1821, no *307 more than a simple and unexpensive mode of entering up or recording judgments'by confession, upon application to the Clerk alone; which confession, by the terms of the Act, (p. 113) “ shall create a lien upon the lands and tenements of such debtor, and as against subsequent purchasers and judgment creditors, shall bear date from the signing,” (fee., (fee.; “and an execution thereupon,” (fee., (fee. “ shall be issued,” (fee., (fee., “ which shall have the like form and effect as if such judgment was founded on any verdict or decree rendered in open court.”
There can be no question upon this enactment. The lien is from the signing of the confession, which is the judgment, and constitutes the entering up the judgment, by virtue of the confession alone. The effect is then declared as equal to those of judgments on verdicts or decrees. There is no postea, or “therefore it is considered by the court.”
But this Act does illustrate the general practice, and the ^riqpiple just before noticed, that when a suit at law is (commenced, and a confession of judgment made, there is ®no judicial question left open in the case. The judgment "ris entered up for conformity, and ministerial officers only - ,^M;e- called upon to act, and not the court. The Act of ' 1839, then, plainly disposes of the rule against Boyce; and . legal principles, and the practice, dispose of that against Stoney. But how can it make any difference if the j udgment confessed has been in a case that had been before placed on the docket for trial during the particular term % The right to confess the judgment, and the consequent entering it up eo instanti, remain as before it was placed upon the docket.
It follows that, in the case of Union Bank of South Carolina against A. G. Magrath, the order of the circuit court, to take the judgment of the 8th of April, 1843, “off the file,” and not to enter it up till the rising of the court, be set aside. But that the order made, discharging the rule of Hiram Hutchinson against Ker Boyce and Christopher F. Stoney, be affirmed.
The judgments were all lawfully entered up.
The Judges all concurred.